UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20932-CR-ALTMAN

UNITED STATES OF AMERICA

vs.

EDILBERTO PUENTE VASQUEZ,
    a/k/a "Gafas,"

    Defendant.
_____/

## STIPULATED FACTUAL PROFFER

If this matter were to proceed to trial, the government would prove the following facts beyond a reasonable doubt. The Parties agree that these facts, which do not include all facts known to the government and the Defendant, EDILBERTO PUENTE VASQUEZ, a/k/a "Gafas," are sufficient to prove the Defendant's guilt for Count Two of Indictment 18-20932-CR-ALTMAN.

Beginning on or about July 9, 2018, the Defendant and his coconspirators, including codefendant Ruben Dario Zuniga Pena ("Zuniga"), codefendant Wilson Jordan Carmona ("Jordan"), and F.J.V.M., conspired to purchase 300 kilograms of cocaine from a drug trafficking organization based in Buenaventura, Colombia. The Defendant had numerous meetings and discussions with F.J.V.M., Jordan, and Drug Enforcement Administration ("D.E.A.") confidential source ("C.S.") J.C.D., regarding the planed cocaine purchase. J.C.D. told the Defendant and F.J.V.M. that he (J.C.D.) represented Mexican drug traffickers and that the cocaine he wished to purchase was ultimately destined for the United States. The Defendant knew and intended that after the cocaine was purchased, it was going to be unlawfully imported into the United States, via Mexico.

On July 23, July 25, August 3, and August 6, 2018, the Defendant spoke on the phone, in

1

coded language, about the planned drug transaction with J.C.D., F.J.V.M., and another unidentified individual. On August 11, 2018, the Defendant met with J.C.D., F.J.V.M., and Jordan. During this meeting, Jordan told J.C.D. that he (Jordan) would be able to supply him (J.C.D.) with 300 kilograms of cocaine in Buenaventura.

In or around early-to-mid August 2018, Jordan and Zuniga agreed with each other that rather than arranging and facilitating J.C.D.'s planned purchase of cocaine for importation into the United States, they, along with their coconspirators in Buenaventura, would steal J.C.D.'s purchase money and kill J.C.D. The Defendant did not take part in Jordan and Zuniga's plan and did not know that they intended to have J.C.D. killed.

On August 23, 2018, J.C.D. spoke to the Defendant on the phone. During this call, the Defendant gave the phone to Jordan. Jordan and J.C.D. then discussed that they would conduct the drug transaction the following day (August 24, 2018). J.C.D. told Jordan that he (J.C.D.) wanted to see the cocaine in Buenaventura first before he contacted an associate to release the payment money to the Defendant (however, there was never any "payment money" because it was a law enforcement operation).

On August 24, 2018, Jordan introduced Zuniga to coconspirator F.J.V.M. as the brother of the owner of the cocaine that J.C.D. and F.J.V.M. were supposedly going to view in Buenaventura. Zuniga then travelled to Buenaventura with F.J.V.M. Later that day, Zuniga took J.C.D. and F.J.V.M. to a house in Buenaventura. Later that day, Zuniga, pretending to be J.C.D., sent text messages to someone Zuniga believed to be J.C.D.'s coconspirator in an effort to have that individual release money to the Defendant, in exchange for the cocaine that J.C.D. purportedly wished to purchase in Buenaventura. Later that day, Jordan and Zuniga's coconspirators in Buenaventura murdered J.C.D. and F.J.V.M. After the murders, the Defendant continued to attempt to reach Jordan to find out what happened with the failed drug transaction. At the time, the Defendant did not know

that Jordan and Zuniga's coconspirators in Buenaventura killed J.C.D. and F.J.V.M.

Defendant EDILBERTO PUENTE VASQUEZ did knowingly and willfully combine, conspire, confederate, and agree with others to distribute a controlled substance, specifically 5 kilograms or more of a substance containing cocaine, knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 2-24-22            By: _____
                             ROBERT J. EMERY
                             ASSISTANT UNITED STATES ATTORNEY

Date: 2/24/22            By: _____
                             DAVID DONET, JR., ESQ.
                             ATTORNEY FOR DEFENDANT

Date: 2-24-22            By: _____
                             EDILBERTO PUENTE VASQUEZ
                             DEFENDANT